IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VINCENT GILBERT and <br> CLARA GILBERT, <br>       Plaintiffs, <br> v. <br> NATIONWIDE INSURANCE <br> COMPANIES and KRISTY STEWART, <br>       Defendants. | No. 08-2681-STA-dkv |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Defendants' Motion for Partial Summary Judgment (D.E. # 7) filed on November 4, 2008. In its Order Granting in Part and Denying in Part Plaintiff's Motion to Stay Determination (D.E. # 18) entered on December 10, 2008, the Court gave Plaintiffs twenty days in which to file their response to Defendants' Motion for Partial Summary Judgment, making the response due on January 2, 2008. To date Plaintiffs have failed to respond. For the reasons discussed below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs originally filed this matter in the Circuit Court of Shelby County, Tennessee. Defs.' Statement of Facts ¶ 1. Plaintiffs allege that their home burned on July 4, 2007. *Id*. at ¶ 2. Plaintiffs' home was insured for loss under a policy issued by Defendant Nationwide. *Id*.

Defendant Kristy Stewart (now Richardson) is a large loss claims adjuster employed by Defendant Nationwide. *Id*.[1] Stewart conducted the investigation into Plaintiffs' claim resulting from the house fire and wrote the letter denying their claim for benefits. *Id*. Plaintiffs have brought their claims in the instant case pursuant to Tennessee's bad faith statute and the Tennessee Consumer Protection Act ("TCPA"). *Id*. at ¶ 3. Defendants filed a Notice of Removal on October 10, 2008, stating that Plaintiffs had fraudulently joined Stewart in an effort to defeat diversity jurisdiction. *Id*. at ¶ 4. Both Plaintiffs and Stewart are Tennessee residents. *Id*. at ¶ 12. Plaintiffs have opposed the removal of this action and filed their own Motion to Remand arguing that Stewart is a proper party. *Id*. at ¶ 5. Plaintiffs contend that Stewart's practice is to deny claims arbitrarily and capriciously. *Id*. Therefore, Stewart is liable under Tennessee's bad faith statute and the TCPA. *Id*.

Stewart was not a party to Plaintiffs' insurance contract with Nationwide and owed Plaintiffs no duty. *Id*. at ¶ 7. At all times relevant, Stewart was an employee of Defendant Nationwide and lacked any authority to deny Plaintiffs' claim without the approval of Nationwide management. *Id*. at ¶ 8. All of Stewart's actions with respect to Plaintiffs' claim for the house fire were taken within the scope of her employment with Nationwide. *Id*. at ¶ 10. Nationwide acknowledges that it may be held legally liable for the actions of its employees for the handling of Plaintiffs' claim. *Id*. at ¶ 11.

---

[1] Defendants note that Stewart has married since the events giving rise to this case occurred and is now Kristy Richardson. Because the Complaint and the official style of this case continue to list Mrs. Richardson as "Kristy Stewart," the Court will refer to her as "Stewart" for the time being.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[2]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[3] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[5] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[7]

Summary judgment must be entered "against a party who fails to make a showing

---

[2] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id.* at 251-52 (1989).

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9] Finally, the "judge may not make credibility determinations or weigh the evidence."[10] Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[11]

## ANALYSIS

The Court finds that Defendants' Motion for Partial Summary Judgment should be granted and Stewart should be dismissed from this case. The burden to establish federal jurisdiction rests with the removing party.[12] As a matter of law, fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.[13] To prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."[14] If the Court determines that

---

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[11] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

[12] *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir.1993).

[13] *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

[14] *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The Court notes that there need not be evidence of actual fraud in order to establish fraudulent joinder.

there exists a "colorable basis for predicting that a plaintiff may recover against [a] non-diverse" defendant, the Court must remand to state court.[15] The Court must resolve all disputed facts and questions of state law in favor of the non-removing party.[16]

Applying these standards to the question presented in Defendants' Motion, the Court concludes that Defendants have established that Stewart has been fraudulently joined. There is sufficient evidence that Plaintiffs do not have a cause of action against Stewart under Tennessee law. Defendants have demonstrated that there is no concern that Plaintiffs cannot obtain complete relief if Stewart is not made a party to this action. There is no allegation in the Complaint that Stewart acted in any way which would create individual liability against her under Tennessee law. There is no evidence that the denial of Plaintiffs' insurance claim was anything more than a corporate wrong for which Nationwide, and not its employee, could be liable. There is no allegation and no proof that Stewart acted outside the scope of her employment as Nationwide's insurance adjuster. There is no evidence that Stewart owed Plaintiffs an independent contractual duty. There is no "colorable basis for predicting" that Plaintiffs could recover against Stewart under Tennessee law. In short, there is sufficient reason to conclude that Stewart is not individually liable to Plaintiffs. Therefore, the Court holds that Stewart is entitled to summary judgment as to all claims against her.

---

[15] *Id*.

[16] *Id*.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment is **GRANTED**. Defendant Stewart is dismissed from this case.

**IT IS SO ORDERED**.

                                         **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE

                                           Date: January 22nd, 2009.